UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ER GROUP, LLC d/b/a ENGINEERED RIGGING,<br>  Plaintiff,<br><br>    v.<br><br>FIGG BRIDGE BUILDERS, LLC, and GREAT AMERICAN INSURANCE COMPANY,<br>  Defendants. | CAUSE NO.: 2:20-CV-426-PPS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Discovery Against GAIC [DE 56] and Plaintiff's Motion to Compel Discovery Against FBB [DE 59], both filed July 8, 2022.

**I. Background**

On October 23, 2020, Plaintiff filed a complaint for breach of contract against Defendants, which Defendant Great American removed to this Court on November 23, 2020. An Amended Complaint was filed on December 7, 2020.

On January 22, 2021, the Court set discovery deadlines, including a discovery deadline that was extended several times, most recently until July 8, 2022, the date on which plaintiff filed the instant motions. Defendants filed responses on July 22, 2022. On August 12, 2022, Plaintiff filed a reply in support of its motion to compel from Defendant GAIC and filed a reply in support of its motion to compel from Defendant FBB on August 15, 2022.

**II. Analysis**

Plaintiff seeks to compel discovery responses from Defendants. Pursuant to Federal Rule

1

of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses, s*ee* Fed. R. Civ. P. 37(a), A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

The instant lawsuit arises out of an equipment contract between Plaintiff and Defendant Figg. Figg was hired to engineer, design, and construct the Cline Avenue Bridge. Defendant GAIC issued a performance bond and payment bond for the bridge project, with Figg as the principal and GAIC as surety. The project owner later terminated the construction contract with Figg and made a claim on the bond. There is state court litigation regarding what GAIC and Figg contend was wrongful termination of the construction contract. Plaintiff's claim in this suit arises out of Figg's failure to pay Plaintiff for equipment rental used in the bridge project and GAIC's alleged obligation to pay on Figg's behalf. Plaintiff argues that communications between GAIC and Figg about the work Figg performed and claims for payment are relevant to Plaintiff's claims against them. Defendants argue that Plaintiff's discovery requests are overly broad and seek information

not relevant to its claims.

The motions to compel were filed on the day fact discovery was closing. A number of documents were produced after the instant Motions were filed, and Plaintiff has withdrawn its arguments about various discovery responses; only those requests identified by Plaintiff as still outstanding will be addressed herein.

A. Figg

Plaintiff moves to compel Figg to respond to Interrogatory 7 and Document Requests 4-6, 9-18, and 20.

i. Interrogatory No. 7

Plaintiff argues that Figg's response to Interrogatory No. 7 contains improper objections. Interrogatory No. 7 asked Figg to identify the reason for nonpayment of Plaintiff's outstanding invoices. Figg responded that that information is within the possession and control of Plaintiff and that "any alleged nonpayment(s) . . . are reflected in any [Plaintiff] communications with GAIC, Cline Avenue Bridge LLC, United Bridge Operating, LLC and/or Granite." Figg supplemented its response by identifying "communications between Plaintiff and GAIC and Figg . . . concerning the reasons for nonpayment which involved Figg's wrongful termination from the job." Plaintiff argues that the supplementary response lacks specific information. It appears that Figg did not identify which documents (by date, bates number, or any other identifying factors) address the reason for nonpayment, but merely refers to the fact that the information is contained within information about "[Figg's] wrongful termination from the job."

Federal Rule of Civil Procedure 33 permits a party responding to discovery to refer the requesting party to the responding party's business records to determine the answer to an

interrogatory if "burden of deriving or ascertaining the answer will be substantially the same for either party. . . by (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate them as readily as the responding party could." Fed. R. Civ. P. 33(d). Figg has not provided the identity of the records with sufficient specificity for them to be reviewed, nor is it apparent that the answer can be determined as easily for Plaintiff as for Figg. Figg must supplement its answer to do so, or to answer the interrogatory with a substantive response.

    ii.    Document Request 4

Plaintiff argues that Figg's response to document request 4 consists of improper objections. Document request 4 sought all communications between Figg and GAIC related to the Cline Avenue Bridge Project. Figg objected that the request was overbroad, burdensome, and irrelevant. Plaintiff agreed to limit its request to those documents which relate to or arise out of Figg's contracts with Plaintiff and Figg's obligations to make payment. Those documents are relevant, and to the extent they have not been produced, they must be.

    iii.    Document Request 5 and 6

Plaintiff argues that Figg's responses to these requests consist of improper objections. Document requests 5 and 6 sought all documents and communications between Figg and GAIC related to the Surety Bond (a defined term). Figg objected that the requests were overbroad, burdensome, and irrelevant. Plaintiff agreed, during the course of the parties' meet and confer, to limit the request to documents relating to Figg's contracts with Plaintiff, but now requests that their original request be responded to. The requests, as drafted, are overly broad. The only documents or communications that are relevant are those which relate to the contracts between

Figg and Plaintiff. To the extent it has not done so, Figg must respond to the limited request by tendering documents and communications between Figg and GAIC related to the Surety Bond which relate to the contracts between Figg and Plaintiff.

    iv.    Document Requests 9-14

Plaintiff argues that Figg's responses to each of these document requests were improper boilerplate or objections. Document requests 9-14 sought all documents and communications between and among the parties to this lawsuit related to payments made by Figg to Plaintiff and related to notifications by Plaintiff to Figg about outstanding payments due by Figg to Plaintiff. Figg responded that all responsive documents between Figg and Plaintiff have been tendered. Plaintiff argues that the requests are more expansive, seeking communications and documents between not just Figg and Plaintiff but between or among any of the parties to this lawsuit, including GAIC. To the extent there are documents between or among the parties to this lawsuit related to payments made or outstanding payments due, they are relevant and must be tendered, if they have not been.

    v.    Document Request 15

Plaintiff likewise argues that Figg's response to document request 15 was improper boilerplate or objections. Document request 15 sought all communications related to the Cline Avenue Bridge Project by and between Figg and GAIC. Figg responds that all communications related to the whole project are irrelevant, and that GAIC has produced all communications between Figg and GAIC. This request is overly broad and should be limited to communications between Figg and GAIC related to the contracts between Figg and Plaintiff. To the extent any communications exist which meet those criteria and have not been tendered, they must be. The

parties might find it appropriate to meet and confer on what has been produced by any party to avoid unnecessary duplication.

    vi.    Document Request 16

Plaintiff argues that Figg's response to this document request was improper boilerplate or objections. Document request 16 sought all communications related to the Equipment (a defined term) related to the Cline Avenue Bridge Project by and between Figg and Cline Avenue Bridge LLC. Figg responded that all responsive documents between Figg and Plaintiff have been tendered. This response is narrower than the request, but the initial request was also overly broad, and it should be limited to communications related to Figg's payment or nonpayment of Plaintiff's invoice. Figg must tender any additional communications between Figg and Cline Avenue Bridge LLC related to Figg's payment or nonpayment of Plaintiff's invoices.

    vii.    Document Requests 17 and 18

Plaintiff argues that Figg's responses to these document requests were also improper boilerplate or objections. Document requests 17 and 18 sought all communications and documents related to the Bill of Lading (a defined term), the shipment of any Equipment to Figg and any bills of lading or orders. Figg responds that all responsive documents between Figg and Plaintiff have been tendered, and that other bills of lading or equipment shipments are not relevant. Plaintiff's request, as drafted, is overbroad, and Figg's response is appropriately limited.

    viii.    Document Request 20

Plaintiff argues that Figg's response to this document request was improper boilerplate or objections. Document request 20 sought all documents received by Figg relative to the Cline Avenue Bridge Project. Figg responds that all documents related to the whole project are

6

irrelevant, and disproportionate. The request is overbroad and need not be responded to.

    ix.    Privilege Log

Plaintiff argues that the privilege log is insufficient because "several of the identified documents in FBB's recently produced privilege log . . .do not appear to fall within the purview of any recognized privilege(s) under federal law" and it is entitled to receive those documents. This argument was raised for the first time in Plaintiff's reply (presumably because the privilege log was tendered after the motion to compel was filed), is made without any supporting analysis or authority, and does not reference whether any meet and confer as to the privilege log issues occurred in compliance with Rule 37. Plaintiff is therefore not entitled to any relief related to the privilege log at this time.

  B.  <u>GAIC</u>

Plaintiff seeks to compel similar, and in some instances, the same, information from GAIC as from Figg, and claims that GAIC refuses to produce certain documents. Plaintiff seeks to compel responses to Interrogatories 10 and 15, and Document Requests 2, 3, 7 and 8.

    i.    Interrogatories 10 and 15

Plaintiff argues that GAIC's answers to interrogatories 10 and 15 are incomplete and its objections are improper. Interrogatories 10 and 15 request that GAIC identify communications between Figg and GAIC about the equipment referred to in the agreements as part of the bridge project as well as about the surety bond and payment of outstanding invoice. In response to the motion, GAIC argues that it has produced documents responsive to the request and identified the range of responsive documents. Plaintiff argues that the response is incomplete because GAIC has refused to produce a category of documents (communications between Figg and GAIC) in

7

response to certain requests for production but does not explain how that refusal means that all documents needed to allow Plaintiff to formulate its own answers to interrogatories 10 and 15 are not included. Plaintiff has not shown that responsive documents have been withheld, and therefore this Court will not compel further production.

    ii.    Document Requests 2 and 3

Plaintiff argues that GAIC's responses to document requests 2 and 3 are incomplete. Document request 2 sought all communications between GAIC and Cline Avenue Bridge, LLC which relate to the Cline Avenue Bridge Project and Figg or Plaintiff. Document request 3 sought all communications between GAIC and Figg relative to the Cline Avenue Bridge Project. Both requests are overbroad. Like its requests to Figg, Plaintiff is seeking communications and documents about aspects of the Project which are beyond the scope of this litigation. To the extent that any communications between GAIC and Cline Avenue Bridge, LLC which relate to the Cline Avenue Bridge Project and Figg or Plaintiff and the payment or non-payment of any of Plaintiff's invoices have not been produced, they must be, as must any communications between GAIC and Figg relative to the Cline Avenue Bridge Project and the payment or non-payment of any Plaintiff's invoices. Otherwise, the requests are overbroad, and need not be responded to.

    iii.    Document Requests 7 and 8

Plaintiff argues that GAIC's responses to document requests 7 and 8 are likewise incomplete and the objections improper. Document request 7 sought all documents related to the Rental Agreement and the Equipment Agreement (both defined terms). Document request 8 sought all documents related to any outstanding payments related to the same agreements. GAIC responds that it has produced all non-privileged document from its claim file related to Plaintiff. Plaintiff

requests that GAIC verify that that all non-privileged responsive documents, regardless of whether they were contained within the claim file, have been produced. This request is reasonable in light of the qualified response of GAIC. GAIC must either verify that all responsive, non-privileged documents have been tendered, or tender those documents, regardless of whether they are located in the claim file related to Plaintiff.

 iv. Privilege Log

Plaintiff argues that the documents withheld on the basis of privilege, as identified on GAIC's privilege log, are not all privileged. This argument was raised for the first time in Plaintiff's reply (presumably because the privilege log was tendered after the motion to compel was filed), so GAIC has not had an opportunity to respond, and it does not reference whether any meet and confer as to the privilege log issues occurred in compliance with Rule 37. Plaintiff is therefore not entitled to any relief related to the privilege log at this time.

**III. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** Plaintiff's Motion to Compel Discovery Against GAIC [DE 56] and Plaintiff's Motion to Compel Discovery Against FBB [DE 59] as described above.

As Rule 37(a) provides, when a motion to compel "is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. Fed. R. Civ. P 37(a)(5)(C). Because some of the requests were overly broad, and some of the responses were insufficient, the Court will not award fees to either side on the Motion. In addition, the issues of supplementing responses and the timing of any supplement were not adequately explored in the Rule 37 meet and confer process, so fees on the motion would be

inappropriate on that basis as well.

The Court **ORDERS** Defendants to further supplement their discovery responses as described above on or before **January 3, 2023**. Since the discovery deadline has closed but there is still more discovery to be done in accordance with this Opinion, the Court **ORDERS** that the discovery deadline and the deadline to complete mediation and file a mediation report are extended to **January 31, 2023**.

SO ORDERED this 8th day of December, 2022.

                                                    s/ John E. Martin
                                                  MAGISTRATE JUDGE JOHN E. MARTIN
                                                  UNITED STATES DISTRICT COURT

cc:    All counsel of record