UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ER GROUP, LLC d/b/a ENGINEERED RIGGING, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Cause No. 2:20-CV-426-PPS <br> ) |
| FIGG BRIDGE BUILDERS, LLC and GREAT AMERICAN INSURANCE COMPANY, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## OPINION AND ORDER

In this case, Plaintiff ER Group, LLC seeks to recover equipment rental fees (plus interest and expenses) under a written agreement with Figg Bridge Builders, LLC. In addition, ER Group seeks to recover the same amounts from Great American Insurance Company, which stands as Figg's surety on the payment bond that secured the underlying construction project. The parties filed summary judgment briefs addressing the interrelated contract claims, and I distilled the undisputed facts in the record in a comprehensive Opinion and Order entered March 27, 2024. [*See* DE 153 at 3–10.]

My prior order granted in part ER Group's motion for summary judgment against Figg, granted Great American's motion for summary judgment, and denied ER Group's cross-motion for summary judgment against Great American. *Id.* at 33. More specifically, I explained that while ER Group demonstrated the absence of a triable issue as to Figg's liability under the terms of the rental agreement, genuine fact disputes precluded judgment on this claim, at least as to the amount of damages. Figg's

affirmative defenses were dismissed with prejudice, with the exception of ER Group's failure to mitigate damages flowing from Figg's breach of the terms of the rental agreement. As to the payment bond claim, I concluded that the unambiguous terms of the bond do not encompass the equipment rental costs ER Group seeks to recover, so Great American was entitled to judgment on the claim.

ER Group has filed a motion requesting that I direct entry of final judgment as to its claim against Great American for breach of the payment bond. [DE 155.] Great American opposes the motion, and it is now ripe for ruling. [DE 156; DE 157.] In sum, I conclude that a Rule 54(b) finding is not warranted, and for the reasons set forth below, the motion will be denied.

Rule 54(b)[1] of the Federal Rules of Civil Procedure allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims" when the court "expressly determines that there is no just reason for delay." In practice, certification under Rule 54(b) entails three prerequisites for the appellate court to obtain jurisdiction: (1) the claim certified must be separate from the remaining claims; (2) the judgment entered on the certified claim must be final under 28 U.S.C. § 1291; and (3) the district court must expressly determine that there is "no just reason for delay," based on the effects that a delay of an appeal would have on the parties. *ODC Commc'ns Corp. v.*

---

[1] The full text of Rule 54(b) states:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

*Wenruth Invs.*, 826 F.2d 509, 511-12 (7th Cir. 1987) (collecting cases). The Seventh Circuit has clearly stated that courts should not grant Rule 54(b) motions for entry of final judgment as a matter of course; rather, courts must "independently inquire whether such orders are appropriate" and "ensure that the claims being carved off for separate judgment are legally and factually distinct from those reserved." *Stamatakis Indus., Inc. v. J. Walter Thompson, U.S.A., Inc.*, 944 F.2d 382, 383 (7th Cir. 1991) (internal citations omitted). *See also Jack Walters & Sons Corp. v. Morton Building, Inc.*, 737 F.2d 698, 701 (7th Cir. 1984) (emphasizing that "trial judges do not have carte blanche to certify partial dispositions for immediate appeal under Rule 54(b)"); *U.S. General, Inc. v. Joliet*, 598 F.2d 1050, 1051 & n.1 (7th Cir. 1979) (courts may grant Rule 54(b) requests only when a failure to do so might have a harsh effect on the party seeking certification, given strong federal policy against piecemeal review of actions).

Rule 54(b) is limited in these ways "to spare the court of appeals from having to keep relearning the facts of a case on successive appeals." *Jack Walters & Sons Corp.*, 737 F.2d at 702. If claims involve different facts (and of course, if they involve different issues), consideration of appeals in a piecemeal fashion will not result in duplication of the efforts to require each appeal. *Amalgamated Meat Cutters v. Thompson Farms Co.*, 642 F.2d 1065 (7th Cir. 1981). Thus, in evaluating whether a claim to be certified is "separate" from the remaining claims, courts in the Seventh Circuit apply a "standard which focuses on the degree of factual overlap between the issue certified for appeal and the issues remaining in the district court." *Indiana Harbor Belt R.R. Co. v. American*

3

*Cyanamid Co.*, 860 F.2d 1441, 1444 (7th Cir. 1988). Put differently, claims are not separate, and therefore not certifiable, if they depend on largely the same facts. *Wenruth Invs.*, 826 F.2d at 512.

ER Group asserts that there is no significant factual overlap between the payment bond claim it seeks to certify for appeal and its remaining claim against Figg for breach of the rental agreement. I previously found that there is no triable dispute that the terms of the payment bond do not cover the equipment rental fees and other items of damages that ER Group seeks to recover. ER Group suggests that because this decision was based on a "pure issue of law: interpretation of the Payment Bond," there are no facts in dispute and thus no overlap with the facts pertinent to its rental agreement claim against Figg. The rub, which I specifically noted in my prior order [DE 153 at 11], is that the payment bond claim is asserted against a surety. As ER Group itself acknowledged in briefing its motion for summary judgment, a surety "cannot be liable where the principal is not." [DE 125 at 4.] *See BMD Contractors, Inc. v. Fid & Deposit Co. of Maryland*, 679 F.3d 643, 653 (7th Cir. 2012). It is for that reason that my prior order first addressed ER Group's motion for summary judgment on the rental agreement claim against Figg, prior to evaluating the cross-motions for summary judgment on the payment bond claim. Were I persuaded that the terms of the payment bond potentially encompassed the claimed rental fees, the fact remains that Great American's liability is tied to (and essentially coextensive with) Figg's liability – insofar as it is well settled that a surety cannot be held liable where a principal is not.

Even if it were the case that these claims are "separate" because there is no significant factual overlap, I am afforded discretion to determine whether there is "no just reason for delay." *See Theriot v. Trumbull River Servs., Inc.*, 835 F. Supp. 465, 468 (C.D. Ill. 1993). I must "balance the competing policies of permitting accelerated review of certain judgments with the desire to avoid the waste in appellate resources which may accompany piecemeal litigation." *Id.* (citing *American Cyanamid*, 860 F.2d at 1445; *Local P–171 v. Thompson Farms Co.*, 642 F.2d 1065, 1070–1071 (7th Cir. 1981)).

As previously outlined, even if the circuit were to disagree with my determination that ER Group cannot recover the claimed rental fees and related items of damages from Great American under the terms of the payment bond, Great American may only be held liable to the extent Figg, as principal, must pay up for breach of the rental agreement. ER Group has demonstrated the absence of a dispute as to Figg's liability under the terms of the rental agreement – but the extent of any damage flowing from Figg's breach is still to be determined. Without belaboring the finer points addressed in my prior order, it's entirely possible that the facts adduced at trial will demonstrate that Figg does not owe ER Group any damages based on ER Group's failure to take reasonable steps to mitigate its damages. If ER Group disagrees with the outcome of the trial on the issue of Figg's damages under the rental agreement, it may seek to appeal that claim, along with the payment bond claim, after final judgment is entered.

ER Group further suggests that an immediate appeal is necessary to avoid undue hardship that may occur if it obtains a judgment against Figg and cannot seek to *immediately* enforce it against *Great American* vis-a-vis the payment bond (implying that it would be necessary to "chase Figg to collect a judgment"). That strikes me as much more a matter of preference than potential prejudice. If, as ER Group suggests, it is entitled to reversal of the grant of summary judgment on the payment bond claim, then it can take that issue up with the circuit, if and when there is a determination that Figg owes anything in the first place. The fact that ER Group would prefer to be in position to immediately enforce any judgment that may be entered against Figg *against Great American* is really of no moment: after entry of final judgment, nothing will prevent ER Group from seeking an appeal as to the payment bond claim.

In sum, until the scope of Figg's liability, as principal, is determined at trial, there is no basis for ER Group to obtain judgment against Great American, as Figg's surety. Taking into consideration the strong federal policy against piecemeal appeals, and the fact that ER Group has not demonstrated that it will suffer any harsh result by waiting to appeal my prior ruling until final judgment is entered, I decline to make a finding that there is no "just reason for delay" for purposes of Rule 54(b).

**ACCORDINGLY:**

Plaintiff ER Group LLC's Motion to Direct Entry of Final Judgment as to Claim Against Great American Insurance Company Under Federal Rule of Civil Procedure 54(b) [DE 155] is **DENIED**.

**SO ORDERED**.

ENTERED: May 9, 2024.

                                               /s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT